Minnie E. McRaith v. Grand Lodge Ancient Order of the United Workmen of Iowa, Appellant.

**Fraternal Insurance:** FRAUD: EVIDENCE.   Where an applicant for
1  membership in a fraternal insurance order informed the members
of the lodge that he had previously been a member and was then
admitted as a suspended member without initiation, the finding
that the order was not misled by his statement made immediately
before his admission that he had never been expelled or suspended
from the order was justified.

**Same:** READMISSION OF SUSPENDED MEMBERS: BY-LAWS: CONSTRUCTION.
2  An article of the fraternal order in this case, providing that no
person should be admitted to membership under a certain age
at the time of receiving a degree, is held to relate to his qualifi-
cation for original admission to the order and not to the time he
was subsequently admitted as a suspended member, in view of
other articles relating to the readmission of suspended members.

**Same:** REVIVAL OF CERTIFICATE: RECOVERY.   Under the rules of the
3  order in question providing for reinstatement of suspended mem-
bers and declaring that upon compliance therewith the beneficiary
certificate should be renewed, the issuance of a new certificate
was unnecessary; and although another certificate was issued the
original one was revived and continued in force, and a recovery
must be based on the original certificate as renewed.

**Same:** ACTION UPON CERTIFICATE: DEFENSES.   The violation of a rule
4  regulating the reinstatement of a member of a fraternal insur-
ance order, which is not pleaded in an action upon the certificate,
is not available as a defense to the action.

*Appeal from Johnson District Court.*—Hon. R. P.
Howell, Judge.

Monday, May 16, 1910.

Action on a certificate of insurance resulted in a
directed verdict and judgment as prayed.   The defendant
appeals.—*Affirmed.*

*John J. Ney* and *Ranck & Bradley,* for appellee.

*Parrish & Dowell* and *Baker, Ball & Ball,* for appellant.

Ladd, J.—James V. McRaith died at Iowa City April 10, 1908. Among his papers was a certificate of membership in the University Lodge of the defendant order. This entitled the plaintiff as beneficiary therein named to an indemnity of $2,000, unless it should be said that said lodge was induced to receive him because of fraudulent concealment of his having been previously suspended from the order or other defenses interposed. He first entered the order at Parker, S. D., December 17, 1880, when about twenty-five years of age, and does not appear to have been suspended therefrom, though upon removal to Iowa Falls, Iowa, in 1889 he was received into a lodge there. He was a railroad station agent, and upon removal to Iowa City he was admitted to University Lodge in November, 1901. Immediately before such admission, he signed a printed affirmation, stating, among other things, that he had never been expelled or suspended from any lodge of the order, but orally informed the members that he had been a member of the order, and he was admitted as though suspended upon taking the obligation without the ceremonies incident to the initiation of a novitiate. In these circumstances the jury would not have been warranted in finding that defendant was misled by the printed affirmation with respect to not having been suspended.

II. A division of the answer alleged that deceased was ineligible to membership of the order when received in University Lodge, and for this reason the certificate of insurance issued in pursuance thereof was void, and another division averred that in his application for membership in said lodge deceased had agreed that, if he had purposely made false statements in any particular, the cer-

tificate should be void, that he stated his age therein to be forty-four years at his next birthday, when in fact he was forty-five, and thereby misled the lodge into receiving him into the order when ineligible. Both defenses were based on section eighty-one of the articles, which was set out in each division, and provided: "No person shall be admitted to membership in the order except he be a white male of the full age of eighteen years and under forty-five at the time of receiving the workman degree." But, as noted, deceased was admitted to the lodge as one previously suspended from the order, and not as a novitiate, and the above section relates solely to qualification of persons for original admission to the order. This is apparent from provisions relating to readmission of the suspended members.

Section 82 declares that:

Any members in arrears on either assessments or dues for a period of six months shall stand suspended from all benefits and privileges of the order. His beneficiary certificate shall be reported to the Grand Recorder as annulled. He may, however, if under the age of forty-five years, be readmitted upon compliance with the following conditions: (a) He shall make application in the same manner and form as that prescribed for admission of new members. He must be examined and recommended for readmission by the medical examiners of this lodge or by some other medical examiner of the order within this Grand or Supreme Lodge jurisdiction, as in the original instance, the Iowa blanks being used, and his medical examination and application for readmission must be approved by the medical examiner of this Grand Lodge. (b) His application shall be referred to an investigating committee and reported upon in the same manner as applications for membership in the original instance, and he shall be balloted for in the same manner as for new members, but for readmission only. When all these conditions have been complied with, his beneficiary certificate shall be held renewed. (c) Any member holding a final card desiring to be readmitted to the order shall be subject to all the requirements of this section except as to the amount to be paid, but he shall

pay the usual fees required of members admitted by card. (d) In each of the cases referred to in this section, the applicant shall be exempt from the payment of initiation and degree fees, but, in addition to the amounts above specified, shall pay such other fees as are required of applicants for initiation. They shall be obligated by taking the obligation of a Workman only, and all other initiatory ceremonies may be dispensed with. (e) Any person having been a member of the order in another jurisdiction, but suspended therefrom for nonpayment of assessments or dues for a period of more than two years, and having been a resident of this jurisdiction for one year prior to making his application therefor, may, upon his production and surrender of his old beneficiary certificate or of sworn proof of its loss, be received as a new member. He shall not be required to take the degree, but shall take the obligation of a Workman, provided that no officer or member at the time of the suspension of any Grand Lodge which has heretofore or shall hereafter be suspended shall have the benefit of this provision.

Section 56. Suspended or expelled members forfeit all rights. Any member expelled or suspended from the order for any cause whatever forfeits all claims on the beneficiary fund during such suspension or expulsion.

It will be observed that section eighty-one exacts that the candidate be "under forty-five years at the time of receiving the workman degree," whereas such degree is not conferred on a suspended member upon readmission; taking the obligation only being required. Moreover, section eighty-two specifies how a suspended member may be reinstated, and that upon compliance therewith the "beneficiary certificate shall be held renewed." The issuance of another certificate is unnecessary, but, if issued, this in view of the language quoted will not obviate the conclusion that the original contract is thereby revived and continued in force, and that recovery by a beneficiary must be predicated on the original certificate as thus renewed. As said, both divisions of the answer allege that deceased was taken into the lodge in violation of section eighty-one,

which related solely to new members. The evidence sustained neither, for he was readmitted as a suspended member, and if any article was violated, it was section eighty-two of the articles. This, however, was not pleaded, nor was his admission to University Lodge alleged to be in violation thereof. Such being the state of the record, the trial court rightly directed a verdict for the plaintiff.— *Affirmed*.